## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| **KATHLEEN NISWANDER, et al.,** ) | |
| ) | |
|   Plaintiffs, ) | |
| ) | |
|     vs. ) | CAUSE NO.  1:08-cv-1325-WTL-DML |
| ) | |
| **PRICE, WAICUKAUSKI & RILEY LLC,** ) | |
| **et al.,** ) | |
| ) | |
|   Defendants. ) | |

### ENTRY REGARDING OBJECTION TO MAGISTRATE JUDGE'S RULING AND RELATED MOTIONS

On October 27, 2009, the Defendants in this case filed a motion to compel the Plaintiffs to provide "complete and unevasive" responses to their discovery requests that were served on February 27, 2009.  As the Defendants noted in their brief in support of their motion to compel, the Plaintiffs had objected to the discovery requests on various grounds, including relevance, attorney-client privilege, and work-product privilege; however, the Plaintiffs did not respond to the motion to compel.  On December 4, 2009, several weeks after the Plaintiffs' response was due, the Defendants filed a motion for summary ruling on their motion to compel pursuant to Local Rule 7.1(b).  The Plaintiffs again failed to file a response.  On December 29, 2009, the Magistrate Judge assigned to this case summarily granted the motion to compel and ordered the Plaintiffs to produce the requested documents within 14 days.  That order finally got the attention of Plaintiffs' counsel, who has now filed an objection to the Magistrate Judge's ruling pursuant to Federal Rule of Civil Procedure 72 (dkt. #97) as well as a motion to reconsider it (dkt. #96).

The Plaintiffs now set forth some fifteen pages of argument regarding why the Defendants' discovery requests were improper and why they should not be required to produce the requested documents.  Those arguments might well have had merit had they been made in a

timely fashion.  They were not, however.  The Plaintiffs had two months to make their arguments prior to the Magistrate Judge's ruling, and were even prodded to do so by the Defendants' motion for summary ruling.  Apparently–although the Court is left to surmise, since the Plaintiffs do not even acknowledge their failure to respond to the motion to compel and the motion for summary ruling–Plaintiffs' counsel believes that the Magistrate Judge should have analyzed the issues and concocted a winning argument on his clients' behalf.  Not only was the Magistrate Judge well within her discretion not to do so, but it would have been a disservice to the taxpayers had she done so.  The Magistrate Judge did precisely what the undersigned would have done, and her decision to summarily grant the motion to compel therefore is **AFFIRMED**.  The Plaintiffs shall produce the documents at issue within 14 days of the date of this Entry; **the failure to do so will result in the imposition of sanctions which may include the dismissal of this case.**  In light of this ruling, the motion to reconsider (dkt. #96) is **DENIED AS MOOT**.

Also pending is the Defendants' Emergency Verified Motion to Dismiss for Violation of Court Order or, Alternatively, for Stay of Further Proceedings, Specifically the Depositions of Henry Price and Ronald Waicukauski (dkt. #95).[1]  In light of the Plaintiffs' timely appeal of the Magistrate Judge's ruling, the Defendants' motion is **DENIED** insofar as it seeks dismissal and attorney fees and expenses.  However, the motion is **GRANTED** as to the alternative relief sought, and the currently scheduled depositions of Henry Price and Ronald Waicukauski are **STAYED,** to be rescheduled for a date after the Plaintiffs have produced the documents at issue and the Defendants have had the opportunity to review them.  The Plaintiffs shall file their

---

[1] Defendant Jennifer Graham has filed a motion to join in the other Defendants' motion.  The motion to join (dkt. #98) is **GRANTED**. In the future, it is unnecessary for Ms. Graham to file a motion to join;  a notice of joinder serves the same purpose and reduces the number of entries on the Court's docket because it does not require a ruling.

response to the pending motion for summary judgment no later than seven days following the completion of the deposition of Henry Price; no extension of this deadline should be expected.

SO ORDERED: 01/13/2010

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Michael A. Dorelli
HOOVER HULL LLP
mdorelli@hooverhull.com

Jessica L. Greyerbiehl
HUNT SUEDHOFF KALAMAROS LLP
jgreyerbiehl@hsk-law.com

Philip Edward Kalamaros
HUNT SUEDHOFF KALAMAROS
pkalamaros@hsk-law.com

Jerome T. Linnen Jr.
LINNEN CO., L.P.A.
jay@linnenlaw.com

Jeffrey D. Roberts
HOOVER HULL LLP
jroberts@hooverhull.com