UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHLEEN NISWANDER, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
|      vs. | )   CAUSE NO.  1:08-cv-1325-WTL-DML |
| | ) |
| PRICE, WAICUKAUSKI & RILEY LLC, | ) |
| et al., | ) |
| | ) |
|    Defendants. | ) |

## ENTRY REGARDING VARIOUS MOTIONS

This cause is before the Court on the following motions, each of which is now ripe for review:  Defendant Price, Waicukauski & Riley, LLC, and Ronald J. Waicukauski's (collectively referred to as "PWR") Motion for Summary Judgment (dkt. no. 63); PWR's Motion to Disqualify Counsel Jerome T. Linnen, Jr. (dkt. no. 65); Defendant Jennifer L. Graham's Motion for Summary Judgment (dkt. no. 71); PWR's Motion for Summary Ruling (dkt. no. 80); PWR's Motion in Limine Regarding Insurance (dkt. no. 110); PWR's Motion in Limine Regarding Settlement Discussions (dkt. no. 111); PWR's Motion in Limine Regarding Trial Evidence on Duty and Breach of Duty (dkt. no. 112); and PWR's Motion to Dismiss for Repeated Violations of Court Orders and Applicable Rules of Procedure (dkt. no. 123).  Each motion is discussed and resolved below.

### Motions for Summary Judgment (dkt. nos. 63 and 71)

Plaintiffs Kathleen Niswander and Alison Pfeister allege that Defendant attorneys Ronald Waicukauski and Jennifer Graham committed legal malpractice during the course of their representation of them in a collective action suit against their employer, Cincinnati Insurance Company ("CIC").  The plaintiffs in that suit (hereinafter referred to as the "*Rochlin* action") alleged that CIC discriminated against them on the basis of their gender and violated the Equal

Pay Act.   During the course of discovery in the *Rochlin* action, the Plaintiffs, at the direction of

their attorneys, produced documents that contained confidential information and therefore were

subject to the CIC Code of Conduct, which prohibited the release of such information to third-

parties.   The Plaintiffs allege that the Defendants committed malpractice by failing to advise them

that producing confidential documents violated the CIC Code of Conduct and by failing properly

to review the documents before producing them to CIC as part of their discovery responses, even

after another plaintiff in the *Rochlin* case was terminated by CIC for producing documents in

discovery in violation of the Code of Conduct.   In December 2005, CIC terminated Niswander

and Pfeister for the same reason.

Shortly after their terminations, Niswander and Pfeister retained Jerome T. Linnen to

pursue a retaliatory discharge claim against CIC.   Linnen filed suit against CIC on behalf of

Niswander in the Northern District of Ohio in May 2006, and on behalf of Pfeister in August

2006.   The Defendants continued to represent Niswander and Pfeister in the *Rochlin* matter.   On

June 6, 2006, the parties reached a settlement agreement in the *Rochlin* case.   PWR attorneys

discussed with Linnen whether the retaliatory discharge claims of Niswander and Pfeister should

be included in the settlement; it was decided that they would continue to pursue those claims

separately and settle only the claims that had been asserted in the *Rochlin* case itself.   The order

approving the *Rochlin* settlement was approved by the court on July 20, 2006.

In their motions for summary judgment, the Defendants argue that this case, which was

filed on October 2, 2008, was untimely.   In Indiana, the statute of limitations for a legal

malpractice claim is two years.   Ind. Code 34-11-2-4.

> Further, legal malpractice actions are subject to the "discovery rule," which
> provides that the statute of limitations does not begin to run until such time as the
> plaintiff knows, or in the exercise of ordinary diligence could have discovered, that
> he had sustained an injury as the result of the tortious act of another.

2

*Biomet, Inc. v. Barnes & Thornburg*, 791 N.E.2d 760, 765 (Ind. App. 2003) (citing *Morgan v. Benner*, 712 N.E.2d 500 (Ind. App. 1999)).  Applying the discovery rule to the facts of this case, the statute of limitations began to run on the Plaintiffs' legal malpractice claim in December 2005 when the Plaintiffs were terminated by CIC.

In *Biomet*, however, the Indiana Court of Appeals adopted the continuous representation doctrine for legal malpractice cases, pursuant to which "the statute of limitations does not commence until the end of an attorney's representation of a client in the same matter in which the alleged malpractice occurred."  *Biomet*, 791 N.E.2d at 765.  The Defendants recognize the holding of *Biomet*, but argue that their representation of the Plaintiffs in the *Rochlin* case "does not constitute 'continuous representation' under the doctrine because their representation did not include claims regarding their termination, from which the present litigation's allegations arise."  PWR Brief at 8.  PWR explains:

> Continuous representation "does not delay the commencement of the statute of limitations generally, but only during the attorney's representation of the client in the same matter from which the malpractice arose."  [citation to *Biomet*]  The alleged malpractice arose from the alleged actions of the Defendants in the *Rochlin* litigation in requesting the plaintiffs provide documents and sending documents to [CIC] but the cause of action that arose therefrom was completely different, and the avenue they chose to pursue to address that issue was done with a different lawyer in a different state in different lawsuits.  Upon signing retainers with him, Mr. Linnen solely jobs [sic.], which is the "matter from which the malpractice claim arose."

PWR Brief at 8-9.  This argument is without merit.  As the Defendants concede, as quoted above, "[t]he alleged malpractice arose from the alleged actions of the Defendants in the *Rochlin* litigation."  Therefore, for purposes of applying the continuous representation doctrine, the relevant "matter" is the *Rochlin* litigation.  The fact that the Plaintiffs hired another attorney to

represent them in *another* matter is irrelevant.[1]  The Plaintiffs do not allege that the Defendants

committed malpractice with regard to their retaliatory discharge claim; in fact, there is no

evidence to suggest that the Defendants ever represented the Plaintiffs with regard to that claim.

The Plaintiffs' clear and unambiguous claim is that the Defendants committed malpractice during

the course of representing them in the *Rochlin* matter; therefore, under the rule set forth in

*Biomet*, the statute of limitations did not begin to run on the Plaintiffs' legal malpractice claims

until the Defendants no longer represented them in the *Rochlin* matter.[2]

The Defendants argue that the Plaintiffs' complaint was untimely even applying the

*Biomet* continuous representation rule because their representation of the Plaintiffs in the *Rochlin*

case ended, at the latest, on July 20, 2006, the date the court approved the settlement.  However,

the *Rochlin* case remained pending on the court's docket until October 11, 2006.  Neither party

---

[1]The Defendants assert that Linnen "had to approve" the *Rochlin* settlement agreement before the Plaintiffs would sign it.  It is not at all surprising that the Plaintiffs would want Linnen to ensure that the *Rochlin* settlement would not adversely impact their ability to pursue their retaliatory discharge claims, and that fact does not detract from the fact that the Plaintiffs continued to be represented by the Defendants in the *Rochlin* case.

[2]The Defendants urge this Court to follow the holding of the Connecticut Supreme Court in *DeLeo v. Nusbaum*, 821 A.2d 744 (Conn. 2003).  In that case, the court held that the statute of limitations is tolled only when the "plaintiff can show:  (1) that the defendant continued to represent him with regard to the same underlying matter; and (2) either that the plaintiff did not know of the alleged malpractice or that the attorney could still mitigate the harm allegedly caused by that malpractice during the continued representation period."  In this case, the Defendants argue, they were denied that opportunity to mitigate the harm from the alleged malpractice because the Plaintiffs hired Linnen to sue CIC for retaliatory discharge, making it impossible for them to redress the Plaintiffs' terminations as part of the *Rochlin* settlement. Even assuming that the Defendants are correct as a factual matter, the *Biomet* court did not adopt Connecticut's version of the continuous representation doctrine, even though *DeLeo* was decided prior to *Biomet*.  Therefore the Connecticut rule is not currently the law in Indiana.  The Court does not believe that the Defendants' policy argument would persuade the Indiana Supreme Court to adopt the Connecticut rule were the issue before it, and even if it did so, it would not apply the rule retroactively to the detriment of the Plaintiffs, who properly relied on the rule as set forth in *Biomet* in calculating the statute of limitations applicable to their case.

4

submits any evidence regarding what occurred between July and October, but the Court takes judicial notice of the fact that the docket indicates quite a bit of activity in the case, including a status conference.  Therefore the Court cannot say as a matter of law that the Defendants' representation of the Plaintiffs ended as of July 20, 2006; it appears from the record just as likely that the representation continued until October 11, 2006, when whatever issues were being addressed apparently were resolved and the case was dismissed with prejudice.  Therefore, the Court cannot resolve the issue as a matter of law, and the motions for summary judgment must be **DENIED**.

### *Motion to Disqualify Counsel (dkt. no. 65) and Motion for Summary Ruling (dkt. no. 80)*

PWR has filed a motion to disqualify Linnen from representing the Plaintiffs in this case. Defendant Graham has joined in the motion.  When the Plaintiffs failed to file a timely response to the motion, PWR filed a motion for summary ruling.  Magistrate Judge Lynch issued an order directing the Plaintiffs to file a response by December 31, 2009, and to include in the response an explanation for the failure to respond by the applicable deadline.  The Plaintiffs did so.  Linnen's explanation for his failure to file a timely response to the motion is wholly inadequate, inasmuch as it does not address his failure to seek an extension of time prior to the deadline if additional time was needed.  Accordingly, the Defendants' motion for summary ruling on the motion is **granted** to the extent that the Court has not considered the Plaintiffs' untimely response.  The motion is **denied**, however, to the extent that the Defendants' seek a ruling in their favor.  While Local Rule 7.1 does, as the Defendants note, provide that the "[f]ailure to file a response or reply within the time prescribed may subject the motion to summary ruling," the Court will not summarily *grant* a motion where, as here, it is apparent from the face of the motion in question that the movant is not entitled to the relief sought.

In their motion to disqualify, the Defendants argue that Linnen's representation of the Plaintiffs violates Indiana Rule of Professional Conduct 1.7 because Linnen has been named by the Defendants as a non-party in this case and therefore there is a conflict of interest between him and his clients.  The Defendants also argue that Linnen's representation of the Plaintiffs violates Indiana Rule of Professional Conduct 3.7 because Linnen–as a non-party–will be a necessary witness in this case.  The Defendants believe that Linnen is a proper non-party in this case because he (allegedly negligently) advised the Plaintiffs to forgo settlement of their retaliatory discharge claims as part of the *Rochlin* settlement in favor of pursuing their retaliatory discharge claims in separate litigation.  This means, the Defendants argue, that "[a]ny damages that could have been mitigated by Plaintiffs settling their retaliatory discharge claims in the *Rochlin* litigation, plus the costs of the subsequent litigation, are attributable to Mr. Linnen."  PWR Brief at 6.

It does not appear to the Court that there is any viable basis for the Defendants' naming of Linnen as a non-party in this case.  The injury the Plaintiffs allege they suffered as a result of the Defendants' alleged malpractice is the loss of their jobs with CIC.  Nothing that Linnen did contributed to that injury; in fact, there is no evidence that the Plaintiffs even met Linnen until after they had been fired.  What the Defendants really allege is that Linnen's advice contributed to or caused the Plaintiffs' failure to mitigate the damages they suffered as a result of their termination.  Assuming that this is a plausible failure to mitigate theory, it does not make Linnen a proper non-party, because under Indiana law the failure to mitigate damages may not be considered for purposes of fault allocation.  *Kocher v. Getz*, 824 N.E.2d 671 (Ind. 2005).  Rather "mitigation of damages is a defense to the amount of damages a plaintiff is entitled to recover *after* the defendant has been found to have caused the tort.  Mitigation of damages is not a

6

defense to the ultimate issue of liability." *Id.* at 674.  While the Court is certainly open to considering any well-supported arguments to the contrary, at this point in the case the Court does not believe that Linnen is a proper non-party and therefore he is not subject to being disqualified from representing the Plaintiffs on that basis.

Even though it appears that Linnen is not a proper non-party in this case, he might nonetheless be a necessary witness at trial.  However, inasmuch as the Defendants' motion to disqualify is based almost exclusively on his status as a non-party, the Court is unable to make that determination.  Accordingly, the motion to disqualify is **DENIED.**

### *Motions in Limine (dkt. nos. 110, 111, and 112)*

PWR has filed three motions in limine, in which Defendant Graham has joined.  The Plaintiffs have not filed a response to these motions, and the time for doing so has expired.  The motions in limine appear meritorious on their face and accordingly are hereby **GRANTED** summarily.  The Plaintiffs shall not reference any of the following at trial without first seeking leave of court outside the presence of the jury:

1.  any insurance matters;

2.  the existence or content of any settlement discussions; and

3.  the existence of or breach of any duty by the Defendants.[3]

### *Motion to Dismiss (dkt. no. 123)*

This case previously was set for trial on March 8, 2010, with a final pretrial conference

---

[3]This ruling is based upon the fact that as of this date the Plaintiffs have not identified an expert witness on the issue of the Defendants' duty of care.  The Plaintiffs have, however, moved for leave to do so.  That motion is pending before Magistrate Judge Lynch.  Obviously this ruling is subject to reconsideration if Magistrate Judge Lynch resolves that motion in the Plaintiffs' favor.

scheduled for February 8, 2010.  By order of January 28, 2010, the Court vacated those dates on its own motion in light of the fact that numerous motions were pending, many of which were not yet fully briefed.  However, the case management plan in this case, as is customary, called for certain pretrial filings to be made two weeks before the final pretrial conference, which was January 25, 2010.  As of that date, the trial and final pretrial conference were still on the Court's calendar, and no motion for continuance had been filed.  Accordingly, the Defendants made the required pretrial filings.  The Plaintiffs, assuming (as it turns out correctly) that the trial would be continued because of the pending motions, did not.

The Defendants are correct that the Plaintiffs should have either filed a motion to continue the trial or complied with the pretrial filings deadline.  Given the state of the case, however, it was not entirely unreasonable for the Plaintiffs to assume that the trial would not take place and therefore the pretrial filings were unnecessary and, indeed, would have been premature.  In light of that fact, and the fact that there was absolutely no prejudice to the Defendants, the Court declines to dismiss the case based on the Plaintiffs' failure to comply with the pretrial filings deadline.  And while the Defendants also point to numerous other deadlines that have been missed by the Plaintiffs during the course of this case–a list that the Court agrees is troubling–the Court does not believe that dismissal is an appropriate sanction at this time, and therefore the motion to dismiss is **DENIED**.

This does not mean that the Plaintiffs' failures are entirely without consequence, however. For example, the Defendants' motion to compel was summarily granted in light of the Plaintiffs' failure to respond to it; the Court did not consider the Plaintiffs' untimely response to the

Defendants' motion to disqualify;[4] and a motion to bar expert testimony based upon the failure to timely name a liability expert currently is pending before Magistrate Judge Lynch. In addition, the Plaintiffs are admonished that any further failure to comply with deadlines will not be tolerated and will result in sanctions, up to and including dismissal of this case with prejudice.

### *Conclusion*

For the reasons explained above, PWR's Motion for Summary Judgment (dkt. no. 63) and Graham's Motion for Summary Judgment (dkt. no. 71) are **DENIED**; PWR's Motion to Disqualify Counsel Jerome T. Linnen, Jr. (dkt. no. 65) is **DENIED**; PWR's Motion for Summary Ruling (dkt. no. 80) is **GRANTED IN PART AND DENIED IN PART**; PWR's Motion in Limine Regarding Insurance (dkt. no. 110) is **GRANTED**; PWR's Motion in Limine Regarding Settlement Discussions (dkt. no. 111) is **GRANTED**; PWR's Motion in Limine Regarding Trial Evidence on Duty and Breach of Duty (dkt. no. 112) is **GRANTED**; and PWR's Motion to Dismiss for Repeated Violations of Court Orders and Applicable Rules of Procedure (dkt. no. 123) is **DENIED**. The remaining motions pending in this case have been referred to Magistrate Judge Lynch for ruling.

SO ORDERED:   09/10/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

_____

[4]Generally it is a party's prerogative to choose not to file a response to a motion. The consequence of doing so is not dismissal or some other sanction, but simply the lost chance to advance any argument in opposition to the motion.