## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHLEEN NISWANDER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:08-cv-1325-WTL-DML |
| | ) |
| PRICE, WAICUKAUSKI & RILEY LLC, et al., | ) |
| | ) |
| Defendants. | ) |

### ENTRY REGARDING OBJECTION TO MAGISTRATE JUDGE'S RULING AND MOTION FOR ORAL HEARING

This cause is before the Court on the Plaintiffs' Objections to Magistrate Order Dated September 20, 2010 (dkt. no. 147), and the Plaintiffs' Motion for Oral Hearing Regarding Plaintiffs' Objections to Magistrate Order Dated September 20, 2010 (dkt. no. 148). For the reasons set forth below, the Plaintiffs' Objections are **OVERRULED.** Because the Court does not believe that oral argument would add anything to the parties' briefs, the Plaintiffs' Motion for Oral Hearing is **DENIED**.

The Plaintiffs object to an Order on Discovery Motions entered by Magistrate Judge Debra McVicker Lynch on September 20, 2010, in which she granted the Defendants' Motions to Bar and Exclude Expert Testimony and denied the Plaintiffs' Motion for Time to Complete Discovery and Identify Liability Expert Witnesses. Each of those motions arose out of the fact that the Plaintiffs neither identified an expert witness to testify regarding the applicable standard of care nor provided an expert report on the issue by the November 2, 2009, deadline for doing so. The Plaintiffs also failed to seek an extension of that deadline until over two months after the deadline had expired, and only after the Defendants filed a motion to bar the Plaintiffs from presenting any expert testimony regarding the applicable standard of care. Magistrate Judge

Lynch, applying the standards set forth in Federal Rules of Civil Procedure 6(b) and 37(c), determined that the Plaintiffs' failure to comply with the expert disclosure deadline was not the result of excusable neglect and was neither substantially justified nor harmless, and further determined that the appropriate sanction was to prohibit the Plaintiffs from introducing expert testimony on the standard of care issue.

The issue now before the Court is whether Magistrate Judge Lynch's ruling is clearly erroneous or contrary to law. *See* Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A) (both establishing standard for reviewing non-dispositive rulings by magistrate judges).[1] It is neither. In finding that the Plaintiffs had failed to demonstrate substantial justification or excusable neglect, Magistrate Judge Lynch thoroughly reviewed the history of this case, correctly noted that the Plaintiffs had failed in several respects to fully participate in this case and had missed several other deadlines, and concluded–again, correctly–that the difficulties pointed to by the Plaintiffs as justification for their failure to meet the expert disclosure deadline "appear largely to be of their own making." Magistrate Judge Lynch also determined that the Plaintiffs' failure was not harmless in that it would necessitate a further substantial delay in getting this case to trial. There is no error in Magistrate Judge Lynch's assessment of the relevant facts, and the Court agrees with the determination that the appropriate consequence for the Plaintiffs' failure to comply with the expert disclosure deadline is barring the expert testimony in question.

---

[1] An argument could be made that the Magistrate Judge's order in this case should be subject to de novo review because the result of the order–the exclusion of expert testimony–is likely to be dispositive of the Plaintiffs' claims. However, the Defendants argue in their response to the Plaintiffs' objection that the clearly erroneous standard applies, and in light of the fact that the Plaintiffs did not argue otherwise in their brief–or file a reply brief in response to the Defendants' argument–the Court declines to make the argument on their behalf.

This is not a case in which a deadline was inadvertently missed and the mistake promptly corrected. Rather, the Plaintiffs exhibited a cavalier attitude toward deadlines throughout this case. Such behavior is disruptive to the orderly resolution of cases, which is why the Federal Rules of Civil Procedure provide for sanctions to address it when it occurs. The Court is mindful of the general principle favoring deciding cases on their merits, and of the Seventh Circuit's urging that courts should "carefully consider Rule 37(c), including the alternate sanctions available, when imposing exclusionary sanctions that are outcome determinative." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 760 (7th Cir. 2004). However, the Magistrate Judge quite reasonably determined that the circumstances of this case warranted the ultimate sanction. Accordingly, the Plaintiffs' objection is **OVERRULED**.

The Plaintiffs' amended complaint asserts two counts, both for legal malpractice. Under Indiana law, "[e]xpert testimony is usually required in a legal malpractice action to establish the standard of care by which the defendant attorney's conduct is measured. The only exception to the rule is when the question is within the common knowledge of the community as a whole or when an attorney's negligence is so grossly apparent that a layperson would have no difficulty in appraising it."). *Storey v. Leonas,* 904 N.E.2d 229, 238 (Ind. Ct. App. 2009) (citations and internal quotation marks omitted). Because the Plaintiffs will be unable to present the requisite expert testimony at trial, they are hereby **ORDERED TO SHOW CAUSE,** in writing, by **November 29, 2010**, why judgment should not be entered in favor of the Defendants in this case.

SO ORDERED: 11/10/2010

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

3